11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Albert Burl Pittman, Trustee of the 
Evelyn White Pittman Trust 
            Appellant
Vs.                  No. 11-04-00018-CV – Appeal from Taylor County
Danny L. Brown, Independent Executor of
the Estate of Evelyn White Pittman 
            Appellee
 
            Albert Burl Pittman in his capacity as trustee of the Evelyn White Pittman Trust sued Danny
L. Brown in his capacity as independent executor of the Estate of Evelyn White Pittman, deceased.
Pittman alleged that Brown had misused $13,000 of the Estate’s funds and sought to have the terms
of the trust changed to allow the sale of property located in Hamilton County. On December 19,
2003, the trial court granted Brown’s motion to file a third-party petition naming Janet Brown Kirk,
Janice Brown Deutsch, David Kirk, Steven Kirk, Lisa Nave, Cindy Brown, Patty Zwerneman, Teresa
Tiller, Gary Deutsch, and Perry Deutsch as third-party plaintiffs with a cause of action against
Pittman. The trial court then granted Brown’s motion for summary judgment holding that Pittman
take nothing from Brown as independent executor of the Estate and that Brown could continue his
counterclaim and third-party action against Pittman, both in his individual capacity and as
independent executor. Pittman filed a notice of appeal challenging the December 19, 2003, partial
summary judgment.
            The clerk of this court wrote the parties advising them that the trial court’s December 19
partial summary judgment did not appear to be a final, appealable judgment and requesting that
Pittman respond showing grounds for continuing the appeal. Pittman has responded in a letter dated
February 27, 2004. Pittman states that it is his understanding that if the trial judge does not sever
the remaining claims then this appeal may proceed. We disagree.
            A partial summary judgment does not dispose of all the parties and all of the claims, is
interlocutory, and is not appealable until such time as the trial court disposes of all of the parties and
all of the claims or the trial court severs the remaining claims and parties. Lehmann v. Har-Con
Corporation, 39 S.W.3d 191 (Tex.2001). Neither has occurred in this case.
             The summary judgment granted on December 19 was a partial summary judgment. While
it disposed of Pittman’s claims against Brown as independent executor of the Estate, the trial court
specifically provided that the claims against Pittman are still pending in the trial court. The office
of the clerk of the trial court has informed this court that no severance order has been entered. 
            The record before this court clearly establishes that the December 19 summary judgment is
a partial summary judgment and that claims are still pending in the trial court. Therefore, this court
lacks jurisdiction to entertain an appeal at this time.
            The appeal is dismissed for want of jurisdiction.
 
                                                                                                PER CURIAM
 
March 25, 2004
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.